UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
NELLISA BROWN, YU CHANG KUO,
SHANNON DARRAH, GUILIANO DINIZO,
DIEGO GARCIA, JUAN GARCIA, VIVEK
GOHIL, LISA MARIE HANNIGAN, KYRYL
KABANOV, DAVID KHANIMOV, REBECCA
LANDERS, TAMIKAH LINTON, DAVID
MCLAUGHLIN, RICKY MELENDEZ, KARIN
SPANO, ANIKET THAKAR, RONALD TEICHER,
and SHARON WILSON-HUGHES, on behalf of
themselves and all other similarly situated,

**CLASS ACTION SECOND AMENDED COMPLAINT**

22-CV-05490 (FB-CLP)

**DEMAND FOR JURY TRIAL**

                               Plaintiffs,

              -against-

**MEDLY HEALTH INC.**,

                               Defendant.
-------------------------------------------------------------------x

      Nellisa Brown, Yu Chang Kuo, Shannon Darrah, Guiliano DiNizo, Diego Garcia, Juan Garcia, Vivek Gohil, Lisa Marie Hannigan, Kyryl Kabanov, David Khanimov, Rebecca Landers, Tamikah Linton, David McLaughlin, Ricky Melendez, Karin Spano, Aniket Thakar, Ronald Teicher, and Sharon Wilson-Hughes ("Plaintiffs"), on behalf of themselves and a class of those similarly situated, by way of Complaint against Medly Health Inc. by and through their counsel allege as follows:

### NATURE OF THE ACTIONN

      1.     This is a class action under the federal WARN Act, 29 U.S.C. §2101, *et seq.* ("WARN Act"), and the New York WARN Act, New York Labor Code§§ 921 *et seq.* ("NY Warn Act"), against Medly Healthy Inc. ("Defendant" or "Medly") on behalf of all employees (the "Class") of Defendant for failure to provide 60 days' notice of a mass layoff as required by the WARN Act and 90 days' notice of a mass layoff as required by

the NY WARN ACT. The Plaintiffs were employees of Defendant until they were terminated as part of, or as a result of, two mass layoffs ordered by Defendant occurring on August 4 and August 31, 2022. Defendant terminated Plaintiff and all similarly situated employees without any advance notice (the "Termination").

2. Plaintiff and all similarly situated employees seek to recover 60 days ad 90 days wages and benefits, pursuant to the WARN Act and New York WARN Act, respectively, from Defendant.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this case is brought under the WARN Act.

4. This Court has supplemental jurisdiction over the New York state law claims under 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District because Defendants reside in and conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

6. Defendant MEDLY HEALTH INC. is a foreign business corporation organized and existing under the laws of the State of New York and located at 31 Debevoise Street, Brooklyn, NY 11206.

7. Prior to any layoffs, Defendant had approximately 1,850 to 1,900 full-time employees.

8. On August 4, 2022, Defendant laid off 293 employees, or approximately 16 percent of the company.

9. On August 31, 2022, Defendant laid off approximately 50 percent of the remaining employees.

10. Plaintiff Nellisa Brown was employed by Defendant until her termination without cause on or about August 31, 2022.

11. Plaintiff Yu Chang Kuo was employed by Defendant until his termination without cause on or about August 31, 2022.

12. Plaintiff Shannon Darrah was employed by Defendant until her termination without cause on or about August 4, 2022.

13. Plaintiff Guiliano DiNizo was employed by Defendant until his termination without cause on or about August 31, 2022.

14. Plaintiff Diego Garcia was employed by Defendant until his termination without cause on or about August 31, 2022.

15. Plaintiff Juan Garcia was employed by Defendant until his termination without cause on or about August 31, 2022.

16. Plaintiff Vivek Gohil was employed by Defendant until his termination without cause on or about August 31, 2022.

17. Plaintiff Lisa Marie Hannigan was employed by Defendant until her termination without cause on or about August 31, 2022.

18. Plaintiff Kyryl Kabanov was employed by Defendant until his termination without cause on or about August 31, 2022.

19. Plaintiff David Khanimov was employed by Defendant until his termination without cause on or about August 31, 2022.

20. Plaintiff Rebecca Landers was employed by Defendant until her termination without cause on or about August 31, 2022.

21. Plaintiff Tamikah Linton was employed by Defendant until her termination without cause on or about August 31, 2022.

22. Plaintiff David McLaughlin was employed by Defendant until his termination without cause on or about August 31, 2022.

23. Plaintiff Ricky Melendez was employed by Defendant until his termination without cause on or about August 31, 2022.

24. Plaintiff Karin Spano was employed by Defendant until her termination without cause on or about September 6, 2022.

25. Plaintiff Aniket Thakar was employed by Defendant until his termination without cause on or about August 31, 2022.

26. Plaintiff Ronald Teicher was employed by Defendant until his termination without cause on or about August 31, 2022.

27. Plaintiff Sharon Wilson-Hughes was employed by Defendant until her termination without cause on or about August 31, 2022.

28. Until on or about August 4 and August 31, 2022, the Plaintiffs and all similarly situated employees were employed by Defendant.

## **CLASS ACTION ALLEGATIONS**

29. Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and 29 U.S.C. §2104(a)(5) on behalf of the following class of employees (the "Class"):

> All persons in the United States who were employed in any position by Medly or any affiliate of subsidiary thereof, for at least thirty days prior to, and on the date of, the Termination and were terminated without cause.

> And the New York Sub-Class (the "Sub-Class"):

> All persons who were employed in any position by Medly or any affiliate or subsidiary thereof, in the State of New York for at least thirty days prior to, and on the date of, the Termination and were terminated without cause.

30. Members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that the Class contains as many as 1,100 Class members and the Sub-Class contains a similar number of employees.

31. Questions of law and fact are common to all the members of the Class and Sub-Class that predominate over any questions affecting only individual members, including but not limited to:

    a. Whether Defendant was the employer of the Class members;

    b. Whether Defendant terminated the Class members; and

c. Whether the Termination was without cause and was in violation of the WARN Act for, among other things, failing to provide the Class members with 60 days' advance notice of the Termination (or 90 days for the Sub-Class);

d. The amount by which Plaintiffs and the Class/Sub-Class were damaged.

32. The claims of Plaintiffs are typical of the claims of the members of the Class and Sub-Class. Plaintiffs have no interests antagonistic to those of the Class or Sub-Class, and Defendant have no defenses unique to Plaintiffs.

33. Plaintiffs will protect the interests of the Class and Sub-Class fairly and adequately, and Plaintiffs have retained attorneys experienced in employee rights and class action litigation.

34. A class action is superior to all other available methods for this controversy because:

a. The prosecution of separate actions by the members of the Class or Sub-Class would create a risk of adjudications with respect to individual members of the Class or Sub-Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

b. The prosecution of separate actions by the members of the Class or Sub-Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class or Sub-Class, which would establish incompatible standards of conduct for Defendant;

c. Defendant acted or refused to act on grounds generally applicable to the Class and Sub-Class; and questions of law and fact common to members of the Class and Sub-Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## **SUBSTANTIVE ALLEGATIONS**

35. Each of the other similarly situated former employees is similarly situated to the Plaintiffs in respect to his, her or their rights under the WARN Act and the NY WARN Act.

36. Defendant was required by the WARN Act to give the Plaintiffs and other similarly situated former employees at least 60 days advance written notice prior to their terminations.

37. Defendant was required by the NY WARN Act to give the Plaintiffs and other similarly situated former employees at least 90 days advance written notice prior to their terminations.

38. Prior to their terminations, neither the Plaintiffs nor the other similarly situated employees received advance written notice prior to their terminations, let alone 60 or 90 days advance written notice.

39. Indeed, Defendant provided WARN Act Notice (the "Notice") to Plaintiffs and the other similarly situated employees on August 31, 2022, after Plaintiffs and the Other Similarly Situated Employees had already been terminated.

40. In the Notice, Defendant stated that the August 31, 2022 termination occurred due to unforeseeable business circumstances. Specifically, that it was precipitated by the unexpected failure to consummate a significant financing in mid-August 2022 and subsequent inability to obtain comparable alternative financing.

41. No such notice was provided to employees who were laid off in the August 4, 2022 termination.

42. Moreover, upon information and belief of Plaintiffs, Defendant's employees who were not laid off in the Termination received raises.

43. Additionally, during a company-wide video conference on or about September 1, 2022, following the Termination, Richard Willis, Medly's Chief Executive Officer, stated that Medly had secured funding and financing from banks and investors.

44. Thus, Defendant's purported reasoning for the Termination is disingenuous and false.

45. Upon information and belief of Plaintiffs, the Termination was foreseeable.

46. Defendants failed to pay the Plaintiffs and the other similarly situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay and

401(k) contributions and provide them with health insurance coverage and other employee benefits.

**FIRST CLAIM FOR RELIEF**
**Violation of the WARN Act, 29 U.S.C. §2014**
**(Brought on Behalf of Plaintiffs and the Class)**

40. Plaintiffs repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

41. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

42. At all relevant times, Defendant was an "employer" as that term is defined in 29 U.S.C. §2101(a)(1) and 20 C.F.R. §639(a), and exercised *de facto* control over Plaintiffs and the Class by ordering the Termination.

43. The Termination resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as over fifty percent (50%) of Defendant's workforce, excluding "part-time employees" as that term is defined by 29 U.S.C. §2101(a)(8).

44. Plaintiffs and the Class were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the Termination ordered by Defendant.

45. Plaintiff and the Class members are "affected employees" of Defendant within the meaning of 29 U.S.C. §21010(a)(5).

46. Defendant was required by the WARN Act to give Plaintiff and the Class members at least 60 days' advance written notice of their terminations. Defendant failed to give that notice.

47. Plaintiff and the Class members are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. §2104(a)(7).

48. Defendant failed to pay Plaintiff and the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation, and failed to contribute to 401(k) plans, employee benefit plans including COBRA coverage, and other benefit plans after the Termination.

49. Plaintiff and the Class are entitled to damages, attorneys' fees, and costs of bringing suit as a result.

**SECOND CLAIM FOR RELIEF**
**Violation of the New York WARN Act**
**(Brought on Behalf of Plaintiffs and the New York Sub-Class)**

50. Plaintiffs repeat and re-allege each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

51. Defendant is an employer within the meaning of the New York WARN Act.

52. Plaintiff and the New York Sub-Class members are "affected employees" within the meaning of the New York WARN Act.

53. Plaintiff and the New York Sub-Class members suffered an "employment loss" within the meaning of the New York WARN Act as a result of the Termination because over 33 percent of the workforce were laid off.

54. The Termination was a "mass layoff" within the meaning of the New York WARN Act.

55. Defendant failed to provide Plaintiff and the New York Sub-Class 90 days' notice of the Termination.

56. Defendant failed to pay Plaintiff and the New York Sub-Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation, and failed to contribute to 401(k) plans, employee benefit plans including COBRA coverage, and other benefit plans after the Termination.

57. Plaintiff and the New York Sub-Class are entitled to damages, attorneys' fees, and costs of bringing suit as a result.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray that this Court grant Plaintiffs and the Class the following relief:

A. An order certifying this case as a class action under Federal Rule of Civil Procedure 23 (a) and (b)(3) for the classes of employees described herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

B. Award Plaintiff and the Class all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, and post-judgment

interest, statutory damages, and any other damages that may be just and proper, unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, accrued sick pay, pension and 401(k) benefits, and COBRA benefits, for 60 days, that would have been covered and paid had the Termination not occurred;

      C.     Award Plaintiff and the Class their reasonable attorneys' fees, costs and expenses as authorized by law; and

      D.     Grant in favor of Plaintiff and the Class and Sub-Class such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: November 22, 2022        Respectfully submitted,

By:
___/s_____
JORDAN F. HARLOW, Esq.
**GLASS HARLOW & HOGROGIAN LLP**
85 Broad Street
16th Floor
New York, NY 10004
T: (212) 537-6859
*Attorneys for Plaintiffs*